Hamilton v 21st Mtge. Corp. (2025 NY Slip Op 25180)

[*1]

Hamilton v 21st Mtge. Corp.

2025 NY Slip Op 25180

Decided on July 31, 2025

Supreme Court, Kings County

Genovesi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 31, 2025
Supreme Court, Kings County

Dionne Hamilton, as Trustee for the 
 BULAWAYO IRREVOCABLE TRUST, Plaintiff,

against
21st Mortgage Corporation, Defendant

Index No. 501921/2023

For Plaintiff
Steven Amshen, Esq.
Petroff Amshen LLP
1795 Coney Island Ave, 3rd Floor, Brooklyn, NY 11230
For Defendant
Jessie D. Bonaros, Esq.
McCarter & English, LLP
Worldwide Plaza, 825 8th Avenue, 31st Floor, New York, NY 10019

Carolyn Mazzu Genovesi, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers NYSCEF Numbered
Motion (MS # 1), Affirmation in Support, Affidavit 7-12
Affirmation Opposition, Memorandum of Law in Opposition, Exhibits 4- 21
Reply 22
In an action for quiet title, Dionne Hamilton, as Trustee for the Bulawayo Irrevocable Trust ("plaintiff") moves for summary judgment alleging the mortgage subject to this litigation is time-barred (MS # 1).
On November 10, 2014, 21st Mortgage Corporation ("mortgagee"), the defendant in this action commenced an action to foreclose the subject mortgage (Index No. 510571/2014). After a non-jury trial, Justice Debra Silber held that the mortgage complied with the requirement of RPAPL 1303, by Order dated October 21, 2019 and entered on October 22, 2019. Justice Silber referred the 2014 action to a referee to compute the amount due to plaintiff and examine if the subject property should be sold in one parcel, by Order dated February 20, 2020 and entered on March 3, 2020. By Decision and Order dated December 21, 2022, the Appellate Division, [*2]Second Department reversed, and held that the "the plaintiff did not offer any evidence at trial establishing that it complied with the specific requirements of RPAPL 1303." 21st Mtge. Corp. v Nodumehlezi, 211 AD3d 893, 896 (2d Dep't 2022). The Appellate Division also dismissed the complaint as against Nodumehlezi, the borrower. Id. Plaintiff purchased the subject property from Nodumehlezi on June 15, 2022.
Mortgagee commenced a second action to foreclose the mortgage (Index No. 517684/2023), on June 16, 2023, within six months of the Appellate Division's Decision and Order. Plaintiff brought this quiet title action on January 19, 2023. Plaintiff argues that the mortgage is barred by the statute of limitation.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired." Daldan, Inc. v. Deutsche Bank National Trust Company, 188 AD3d 989, 990 (2d Dep't 2020). "An action to foreclose a mortgage is subject to a six-year statute of limitations." U.S. Bank Trust, N.A. v. Aorta, 167 AD3d 807 (2d Dep't 2018); see CPLR 213(4). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt." Wells Fargo Bank, N.A. v. Rutty, 206 AD3d 862, 863 (2d Dep't 2022) quoting Deutsche Bank Trust Co. Ams. v. Marous, 186 AD3d 669, 670 (2d Dep't 2020). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage." GMAT Legal Title Trust 2014—1 v. Kator, 213 AD3d 915, 916 (2d Dep't 2023). 
Ordinarily, the statute of limitations would have expired on November 10, 2020, six years after the date the mortgage was accelerated. However, the statute of limitations was tolled for an additional 228 days by Executive Orders promulgated by former Governor Andrew Cuomo in response to the COVID-19 pandemic. See McLaughlin v. Snowlift, Inc., 214 AD3d 720, 721 (2d Dep't 2023). The statute of limitations was therefore extended to June 26, 2021, which was a Saturday. Since the statute of limitations expired on a Saturday, plaintiff's time to commence the second foreclosure action was extended to the next Monday, June 28, 2021, pursuant to General Construction Law § 25-a. The second foreclosure action was brough on June 16, 2023, and is therefore untimely.
In opposition to plaintiff's motion, mortgagee argues that its time to commence the second action was tolled by CPLR 205—a. CPLR 205—a(a) states:
If an action upon an instrument described under subdivision four of section two hundred thirteen of this article is timely commenced and is terminated in any manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in subdivision three of section thirty-one hundred twenty-six, section thirty-two hundred fifteen, rule thirty-two hundred sixteen and rule thirty-four hundred four of this chapter, for violation of any court rules or individual part rules, for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, 
 or upon a final judgment upon the merits, the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences [*3]within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period (emphasis added).
Mortgagee further contends that the second foreclosure action does not constitute "a final judgment upon the merits" which is excluded from the CPLR 205—a toll. The Court was unable to find any caselaw indicating that a dismissal of a foreclosure action for noncompliance with RPAPL 1303 constitutes a judgment on the merits. However, the Appellate Division, Second Department has held that the dismissal of a foreclosure action for noncompliance with RPAPL 1304 is considered a judgment on the merits. Emigrant Bank v Solimano, 209 AD3d 153, 162-163 (2d Dep't 2022). The Court finds no distinction between RPAPL 1303 and RPAPL 1304 in this regard. Moreover, under CPLR 5013, "a judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits unless it specifies otherwise." The Appellate Division dismissed the 2014 foreclosure action after a non-jury trial and never stated the dismissal was not on the merits. Accordingly, the Court finds there was a final judgment on the merits in the 2014 action, and mortgagee therefore cannot receive the benefit of the CPLR 205—a toll. For the foregoing reasons it is
ORDERED that plaintiff's motion for summary judgment (MS #1) is GRANTED.
This constitutes the Decision and Order of the Court.
E N T E R
Hon. Carolyn Mazzu Genovesi